IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 19-cr-00139-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. HANNAH LEE,
3. SARAH SANJUAN PALOYO, AND
4. JOSHUA KANE SOTO,

    Defendants.

---

**ORDER GRANTING IN PART UNOPPOSED MOTION TO VACATE TRIAL AND DEADLINES PENDING FINAL DEFENDANT'S ARRIVAL PURSUANT TO SPEEDY TRIAL ACT**

---

This matter is before the Court on the Government's Unopposed Motion to Vacate Trial and Deadlines Pending Final Defendant's Arrival Pursuant to Speedy Trial Act (Doc. # 64). Pursuant to 18 U.S.C. § 3161(h)(6), the Government requests that this Court exclude an undetermined amount of time from the speedy trial clock and vacate the trial date and corresponding deadlines for Defendants Hannah Lee and Sarah Sanjuan Paloyo until Defendant James Jinkyu Lee is hopefully arraigned in March 2020. (*Id.* at 3–4, ¶ 10.) Because the Speedy Trial Act does not permit the exclusion of an open-ended period of time from the speedy trial clock, the Court declines the request. For the reasons set forth below, the Government's Motion is granted in part.

"The Speedy Trial Act requires that a defendant be tried within seventy days of the filing of the indictment or the defendant's first appearance, whichever occurs later." *United States v. Cortes-Gomez*, 926 F.3d 699, 703 (10th Cir. 2019) (citing 18 U.S.C. § 3161(c)(1)). The seventy-day period "is subject to various exclusions of time under 18 U.S.C. § 3161(h)[;]" the exclusion within (h)(6) is pertinent to the instant Motion. *Id.* at 703. That subsection provides that a district court **shall** exclude a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted . . . in computing the time within which the trial of any such offense must commence[.]" 18 U.S.C. § 3161(h), (h)(6). "The general rule under this provision is that all defendants who are joined for trial fall within the speedy trial computation of the latest codefendant joined." *Cortes-Gomez*, 926 F.3d at 705 (citing *United States v. Margheim*, 770 F.3d 1312, 1318–19 (10th Cir. 2014)). "When the delay is reasonable, an exclusion for delay attributable to one defendant is applicable to all co-defendants." *Id.* (quoting *United States v. Thomas*, 749 F.3d 1302, 1308 (10th Cir. 2014)). The Tenth Circuit has articulated:

> In determining whether delay attributable to a codefendant is reasonable, a court must examine all relevant circumstances. Our circuit has articulated three factors to guide district courts in this exercise: (1) whether the defendant is free on bond, (2) whether the defendant zealously pursued a speedy trial, and (3) whether the circumstances further the purpose behind the exclusion to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial.

*Margheim*, 770 F.3d at 1319 (internal quotation marks omitted). As long as a district court determines that these factors are satisfied, the district court may exclude the time from when the first defendant and the last defendant has been arraigned from the

speedy trial clock. *Cortes-Gomez*, 926 F.3d at 703–06 (affirming district court's decision to exclude time between defendant's and last codefendant's arraignments (January 21 to May 19) from speedy trial clock calculation); *Thomas*, 749 F.3d at 1308 (affirming district court's exclusion of time between defendant and last co-defendant's arraignment).

"The obvious purpose behind [this] exclusion is to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." *Cortes-Gomez*, 926 F.3d at 705 (quoting *United States v. Theron*, 782 F.2d 1510, 1514 (10th Cir. 1986)). Indeed, there is a "strong presumption favoring trying properly joined defendants together." *Id.* (quotations omitted). "A single trial is ideal when the government plans to recite a single factual history, put on a single array of evidence, and call a single group of witnesses." *Margheim*, 770 F.3d at 1319. A single trial is preferred when defendants are charged with a single conspiracy. *United States v. Tranakos*, 911 F.2d 1422, 1426 (10th Cir. 1990); *Cortes-Gomez*, 926 F.3d at 705 ("A joint trial for a drug conspiracy is the type of efficient use of judicial resources contemplated by the codefendant subsection . . ..").

In the instant case, the Government faces a problem that was non-existent in the Tenth Circuit precedent analyzing 18 U.S.C. § 3161(h)(6)—the last codefendant in this particular case has not been arraigned. As opposed to seeking a specific exclusion of time—the Government requests that this Court hold this case in abeyance for an undetermined period of time until Defendant James Lee **will** appear. That request is unsupported by Tenth Circuit precedent, and as such, it is denied.

3

However, the Court agrees with the Government that an exclusion of the time between Defendant Hannah Lee's arraignment and Defendant Joshua Soto's arraignment is reasonable under the *Margheim* factors. (Doc. # 64 at 3–4.) Specifically, none of the three Defendants who have appeared in this case are free on bond (*id.* at 3, ¶ 10); none of these three Defendants have zealously pursued a speedy trial as they do not oppose the instant motion and Defendant Hannah Lee did not oppose Defendant Sarah Paloyo's request for a 90-day ends of justice continuance (Doc. # 42); and that all three Defendants have been charged with the same conspiracy to commit bank fraud and identity theft (Doc. # 1) fosters the purpose of accommodating "the efficient use of prosecutorial and judicial resources in trying multiple defendants in single trial." *Cortes-Gomez*, 926 F.3d at 705. Moreover, because an exclusion under 18 U.S.C. § 3161(h)(6) is reasonable, the Court finds good cause exists to vacate the trial dates and corresponding deadlines. Accordingly, the time from when Defendant Hannah Lee was arraigned (September 26, 2019) to when Defendant Joshua Soto was arraigned (January 29, 2020) shall be excluded from the speedy trial clock calculation as to Defendants Hannah Lee and Sarah Paloyo, Defendants Hannah Lee and Sarah Paloyo's speedy trial clock shall be reset to Defendant Joshua Soto's speedy trial clock, which began on January 29, 2020, and all three arraigned Defendants shall be joined for trial. *Id.*

Accordingly, the Court ORDERS as follows:

1. The Government's Unopposed Motion to Vacate Trial and Deadlines Pending Final Defendant's Arrival Pursuant to Speedy Trial Act (Doc. # 64) is GRANTED IN PART, and the Court hereby grants an ends of justice exclusion under 18 U.S.C. § 3161(h)(6), and Defendants Hannah Lee and Sarah Paloyo's speedy trial clocks shall be RESET to the speedy trial clock of Defendant Joshua Soto, which currently stands at **April 8, 2020**.

2. Pretrial motions and response deadlines as to Defendants Hannah Lee and Sarah Paloyo are VACATED and RESET for Defendants Hannah Lee, Sarah Paloyo, and Joshua Soto as follows. Pretrial Motions are due on or before **March 2, 2020**. Responses are due on or before **March 11, 2020**. If counsel believes that an evidentiary hearing on motions is necessary, they shall confer and e-mail Chambers at Arguello_Chambers@cod.uscourts.gov no later than **March 11, 2020**, to set such a hearing.

3. The Final Trial Preparation Conference/Change of Plea Hearing set for **March 3, 2020, at 3:00 PM** as to Defendants Hannah Lee and Sarah Paloyo is VACATED and RESET to **March 30, 2020, at 3:30 PM** as to Defendants Hannah Lee, Sarah Paloyo, and Joshua Soto.

4. The **five-day** Jury Trial set to commence on **March 16, 2020** as to Defendants Hannah Lee and Sarah Paloyo is VACATED and RESET to commence on **April 6, 2020, at 8:00 AM**, as to Defendants Hannah Lee, Sarah Paloyo, and Joshua Soto, with only the first day of trial, **April 6, 2020**, to begin **at 8:30 AM**.

5. Upon issuance of this Order, because the instant Motion has been pending for eight (8) days, the speedy trial clock shall stand at **April 16, 2020** as to Defendants Hannah Lee, Sarah Paloyo, and Joshua Soto.

DATED: February 13, 2020

BY THE COURT:

*[signature]*
CHRISTINE M. ARGUELLO
United States District Judge